United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50422
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAIME RODRIGUEZ-MORENO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:03-CR-816-ALL-AML
---------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jaime Rodriguez-Moreno (Rodriguez) appeals from his guilty-plea conviction for illegal reentry into the United States following deportation.  Rodriguez first argues that his sentence is unconstitutional because it was enhanced for a prior aggravated felony under 8 U.S.C. § 1326(b).  Rodriguez correctly acknowledges that his argument is foreclosed; he raises the issue solely to preserve it for further review.  See Almendarez-Torres

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

v. United States, 523 U.S. 224 (1998); see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

For the first time on appeal, Rodriguez argues that his enhanced sentence violates United States v. Booker, 125 S. Ct. 738 (2005), because it was based upon facts that were neither submitted to a jury nor admitted by Rodriguez. Specifically, Rodriguez contends that the district court committed plain error with respect to the U.S.S.G. § 4A1.1(d) and (e) criminal history determinations that Rodriguez committed the instant offense 1) while on supervised release and 2) within two years after his release from custody on his prior drug-trafficking conviction. He further contends that his sentence is unconstitutional because it was imposed pursuant to a mandatory application of the sentencing guidelines.

Because Rodriguez did not raise these issues in the district court, this court reviews the arguments for plain error. See United States v. Mares, 402 F.3d 511, 520-21 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005). Under this standard, Rodriguez must show: (1) an error; (2) that is clear or plain; (3) that affected his substantial rights; and (4) that seriously affected the fairness, integrity or public reputation of his judicial proceedings. See United States v. Olano, 507 U.S. 725, 732-35 (1993).

Rodriguez makes no showing that the district court would likely have sentenced him differently under the Booker advisory scheme. Similarly, there is no indication from the district court's remarks at sentencing that it would have reached a different conclusion. Because Rodriguez has not demonstrated that his substantial rights were affected, his arguments fail to survive plain-error review. See Mares, 402 F.3d at 521-22; Valenzuela-Quevedo 407 F.3d at 733-34.

AFFIRMED.